UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Case No: 2:24-mj-159 |
| **ANDREA CELAYA-RODRIGUEZ** | : | **JUDGE** |
| | | **Magistrate Judge Deavers** |

### MOTION OF THE UNITED STATES SEEKING REVIEW OF ORDER OF RELEASE

With this motion and pursuant to 18 U.S.C. §3145(a)(1), the United States seeks an extension of the current 48-hour stay preventing release of the defendant in the instant case. Likewise, the United States seeks an evidentiary hearing and the review and revocation of the Order of Release issued by Magistrate Judge Deavers on March 27, 2024. The defendant, Andrea Celaya-Rodriguez, had been charged via federal complaint (issued March 25, 2024) with possession with intent to distribute cocaine after she was caught in possession of fifty individually wrapped (and hidden) kilograms of suspected cocaine. (*See* Complaint at Doc. #1, Detention Hearing Govt. Exhibit # 1.) The charge in the instant case raised a presumption against release and given the severity and dangerousness of the defendant's conduct and her obvious risk of flight, the Magistrate Judge's Order should be revoked.

### Factual and Procedural Background

On March 27, 2024, a detention hearing was held for defendant Celaya-Rodriguez before Magistrate Judge Deavers. In a complaint authorized two days prior, defendant was charged with possession with intent to distribute cocaine. The complaint detailed that Celaya-

1

Rodriguez, who lived in Arizona, had been caught (and admitted to) being in possession with the intent to distribute fifty kilograms of cocaine concealed inside a box truck while driving the vehicle by herself through Madison County, Ohio on March 22, 2024. Field tests conducted on a few of the kilogram bricks confirmed the presence of cocaine.

During the detention hearing, the United States sought detention pending trial noting the existing presumption against release, pursuant to 18 U.S.C. § 3142(e)(3)(A). A copy of the criminal complaint was entered as an exhibit by the government. The undersigned argued that the severity of defendant's actions (fifty kilograms of cocaine with a value of over $1,000,000) warranted that she remained detained pending resolution of her case. Defendant admitted receiving the cocaine in Arizona, repackaging it into the box truck, and surrounding it with furniture to further conceal its existence. While Celaya-Rodriguez is a legal citizen of the United States, according to the Pretrial Services Report, she was born in Mexico and regularly travels back there to see family. She also currently lives over the Mexican border in Arizona with absolutely no connections to Ohio. All of these circumstances support that she presents both a danger to the community and a significant risk of flight.

The United States argued that not only did defendant Celaya-Rodriguez face a presumption against release, but her conduct was also eligible for a mandatory term of imprisonment of ten years up to life imprisonment, the highest penalty provided under federal law for a drug offense. In fact, the quantity of cocaine possessed by the defendant is ten times that necessary to trigger this maximum drug trafficking penalty.

The sparse Pretrial Services Report was primarily based on the defendant's self-reporting with confirmation by telephone from an individual identified as her husband. Defendant

2

indicated that she was a stay-at-home mother with four children who relied upon her husband for her monthly expenses. While the Report acknowledged the defendant's lack of ties to Ohio and regular travel outside of the United States, the Pretrial Services Officer still recommended release.[1]

At the detention hearing, counsel for Celaya-Rodriguez essentially admitted her involvement (given her confession) but argued that she was needed at home to care for her children, including one with medical needs. Counsel also noted the defendant's lack of prior criminal history and that she had properly obtained U.S. citizenship, suggesting these factors demonstrate her ability to follow the law.

In response, the undersigned noted that Congress intended drug traffickers to ordinarily be detained unless they introduce evidence of "special features" of a case that take it outside that paradigm. *United States v. Stone*, 608 F.3d 939, 945–46 (6th Cir. 2010). In the instant case, a lack of criminal history and childcare responsibilities are not "special features." As *Stone* noted, "courts have never required a prior criminal record before ordering detention." *Id.* at 950. Likewise, "family relationships may bear on risk of flight but they say nothing about danger to the community". *United States v. Mitchem*, No. 3:23-cr-95, 2023 WL 8461664, at *2 (W.D. Ky. Dec. 6, 2023). None of the factors raised by counsel for the defendant (nor any identified in the Pretrial Services Report) justified the exceptional result of release pending trial in light of the presumption in favor of detention.

---

[1] As understood by the undersigned, the policy of the U.S. Pretrial Services Office is that no mention or consideration will be made of the statutory presumption against release nor the impact of potential penalty on risk of flight.

Further, the undersigned also addressed the potential danger of harm to the defendant herself raised by returning the defendant to the same residence and state where she first obtained the contraband. With over $1,000,000 of missing drugs, the defendant faces the serious potential of reprisal or reinvolvement in narcotics trafficking to work off this new debt to the drug cartel which provided them to her.

The Magistrate Judge did not address the legal mandate that release under these circumstances would be exceptional and made no specific findings but simply announced that the defendant had somehow rebutted the presumption. The Magistrate Judge suggested that location monitoring with home confinement in Arizona and travel restricted to the Southern District of Ohio and Arizona could address the concerns of the government as to both dangerousness and risk of flight.

Upon the request of the United States, Magistrate Judge Deavers granted a 48-hour stay of her Order to release Celaya-Rodriguez. The United States now seeks a continuation of that stay and an evidentiary hearing and review of the detention Order by the District Court. The Government requests that Celaya-Rodriguez remain detained pending trial.

**<u>Applicable Law</u>**

The complaint in the instant case charges Celaya-Rodriguez with a controlled substance offense, which under the Bail Reform Act of 1984, 18 U.S.C. § 3141–3150, raises a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the defendant or protect the safety of the community. *See also United States v. Salarino*, 481 U.S. 739 (1987). In addition, the legislative history of the Controlled Substances Act reveals that Congress intended to equate drug trafficking with danger to the community.

4

"The Community also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" S.Rep. No. 225, 98th Cong., 2nd Sess. 12-13, reprinted in 1984 U.S. Code, Cong. and Admin. News, 3182, 3195–6 (notes omitted).

The burden rests with the defendant to offer some credible evidence to rebut the presumption set forth in 18 U.S.C. § 3142(e). *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). Even if a defendant offers some credible evidence to rebut the presumption, that presumption is not destroyed, but rather, remains a factor which the Court may consider along with the factors listed in 18 U.S.C. § 3142(g) to determine whether a defendant should be detained. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *see also United States v. Hare*, 873 F.3d 796 (5th Cir. 1989); *United States v. Lattner*, 23 F. App'x 363 (6th Cir. 2001).

Under section 3142(g), the court must consider the nature and circumstances of the offense charged, the strength of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community, which would be posed by the defendant's release.

In the present case, defendant Celaya-Rodriguez was found in possession of a large quantity of cocaine, more than ten times the amount necessary to trigger the most severe of federal penalties (mandatory minimum of 10 years and up to life imprisonment). Under these circumstances, the rebuttable presumption set forth in § 3142(e) is in effect and the defendant has the burden to offer some credible evidence to rebut that presumption. Defendant failed to meet this burden and she should have been ordered detained.

The government now seeks an evidentiary hearing and review of the Magistrate Judge's release order pursuant to 18 U.S.C. § 3145(a)(1) and moves for revocation of the order and for an order directing that the defendant be detained without bond. Title 18 U.S.C. § 3145(a)(1) states:

> If a person is ordered released by a Magistrate . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment for conditions of release . . . the motion shall be determined promptly.

The court must conduct a de novo review of the facts and circumstances properly before it in order to review a magistrate judge's release order. *See United States v. Yamini,* 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000).

### Legal Argument

The undersigned submit that the defendant Celaya-Rodriguez was improperly ordered released and should be detained pending trial. In addition to the legal barrier of the statutory drug presumption, Celaya-Rodriguez admitted to possession of fifty kilograms of cocaine[2] carefully concealed by her in the vehicle. This extremely large quantity of drugs implicates both danger to the community and a distinct risk of flight. Celaya-Rodriguez has no ties to Ohio, was born in Mexico, and has residency in a border state of Arizona. And now, under almost all circumstances, she faces a lengthy term of imprisonment given her confession to involvement in this crime.

Given the basic facts of admitted drug trafficking and the existence of the presumption, counsel for the government argued that Celaya-Rodriguez posed both a danger to the community and a significant risk of flight, and that detention was the only appropriate decision. Counsel for

---

[2] It is also worth noting that it is very likely this load contained more than just cocaine. At least seven of the packages were wrapped differently in bright green packaging, which DEA believes could indicate fentanyl. Many recent cocaine seizures have included fentanyl intermingled with packages of cocaine.

Celaya-Rodriguez focused his argument on the lack of criminal history, legal citizenship status, and responsibility for caring for her young children at home (including a 9-year-old with medical issues). None of these arguments can be found to be persuasive nor are they the "special features" required to rebut the presumption against release. *See United States v. Avila*, No. 3:23-CR-6-GFVT-MAS, 2023 WL 3775062, at *5 (W.D. Ky. June 2, 2023) (noting that living with his partner and children did not deter the defendant from engaging in drug trafficking previously).

While the Pretrial Services Report recommended release, as this Court is aware, Pretrial Services does not give any consideration to the facts surrounding the offense conduct, the potential penalties faced, nor the rebuttable presumption against release raised by the charge in this case.

Again, even if Celaya-Rodriguez had introduced any evidence to overcome the presumption, the presumption does not vanish simply because a defendant rebuts it. *Stone*, 608 F.3d at 945. Rather, the rebutted presumption retains some evidentiary weight given "Congress's substantive judgment that particular classes of offenders"—to include serious drug traffickers—"should ordinarily be detained prior to trial." *Id.* at 945–46.

Those "special features" are not present here. On the contrary, the Court is actually presented with aggravating circumstances. As a drug trafficker, Congress already envisioned Celaya-Rodriguez being detained. Given the substantial quantity of drugs (fifty kilograms), more than ten times that necessary to trigger the highest mandatory minimum term of imprisonment of ten years, Celaya-Rodriguez must be considered to be among the most dangerous of defendants, despite her gender. *See United States v. Beard*, 528 F. Supp. 3d 764, 774 (N.D. Ohio 2021)

7

(explaining that the "the Sixth Circuit routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." (internal quotations omitted)).

Defendants charged with federal narcotics offenses ordinarily should be detained. Defendants who have confessed to their narcotics trafficking of fifty kilograms of cocaine cannot expect to remain in the community under limited pretrial supervision. *See United States v. Asberry*, No. 5:22-CR-10-DCR-MAS-3, 2022 WL 3287895, at *5 (E.D. Ky. Aug. 11, 2022) (finding that the possession of a large quantity of narcotics increases the risk of danger posed by the defendant if released). This is especially true when the proposed community is not even in central Ohio. For all of the above reasons, Celaya-Rodriguez should have been ordered detained.

The evidence offered by the defendant should have failed to rebut the statutory presumption in favor of detention that is present in this case. There are absolutely no "special features" present in the instant case to suggest Celaya-Rodriquez should be the unusual defendant to be released. In addition, given the lack of any documented evidence to support her release, in addition to the statutory factors, the government submits that the danger to the community and risk of flight substantially outweighed any arguments for this defendant's release.

**Conclusion**

For all the foregoing reasons, the government respectfully requests an evidentiary hearing and that this Court reverse the Magistrate Judge's March 27, 2024 Order of Release and order Celaya-Rodriguez be detained pending trial. In the interim, the United States seeks an extension of the current 48-hour stay preventing release of the defendant in the instant case. Under all of these circumstances, the undersigned do believe an evidentiary hearing would be helpful to resolve this motion.

    Respectfully submitted,

    KENNETH L. PARKER
    United States Attorney

    *s/Kevin W. Kelley*
    KEVIN W. KELLEY (0042406)
    NICOLE PAKIZ (0096242)
    Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Motion of the United States Seeking Review of Release Order was served on attorney for defendant Andrea Celaya-Rodriguez via this Court's ECF system on March 29, 2024.

*s/Kevin W. Kelley*
KEVIN W. KELLEY (0042406)
Assistant U.S. Attorney
